## INHABITANTS OF FRIENDSHIP

### *vs.*

## INHABITANTS OF BREMEN.

### Knox.    Opinion April 3, 1896.

*Pauper.   New Trial.*

On motion to set aside a verdict rendered in favor of the defendant, in a
pauper suit, on the ground that it is against law and the weight of evidence,
it appeared that the only question between the parties is, in which of the two
towns had the pauper acquired a settlement. No questions of law were
reserved, and there being no exceptions to the rulings and instructions of
the presiding justice, *it is considered by the court*, that the only question is one
of fact; and that the motion be overruled.

ON MOTION BY PLAINTIFF.

The case appears in the opinion.

*W. H. Fogler,* for plaintiff.

There is no presumption of law that a home which is once
shown to have been established continues until the contrary is
shown, nor is there any such presumption of fact except where a
continuance of the indicia of home is proved. *Kirkland* v. *Brad-
ford,* 30 Maine, 453; *Greenfield* v. *Camden,* 74 Maine, 65.

That the pauper had abandoned her home in Bremen does not
tend to prove that she established a home in Friendship or in any
other place. For a person may abandon one home without estab-
lishing another. *North Yarmouth* v. *West Gardiner,* 58 Maine,
207.

While it is true that if a person leaves his home for a temporary
purpose he does not thereby abandon his home, yet in order that
his home should continue in the town from which he departs he
must first have established a home in such town. There must be
some link connecting him to the place that he has established as a
home—a permanent abode or residence to which it is his intention
to return and to which he has a right to return. He must have a
"habitation fixed in the place without any present intention of
removing therefrom."

In *Warren* v. *Thomaston,* 43 Maine, 406, the court affirming

*Turner* v. *Buckfield*, 3 Maine, 229, and *Jefferson* v. *Washington*, 19 Maine, 293, says: "Dwelling place and home mean some permanent abode or residence with intention to remain." See *North Yarmouth* v. *West Gardiner*, 58 Maine, 207 ; *Gilman* v. *Gilman*, 52 Maine, 173.

*C. E. and A. S. Littlefield*, for defendant.

SITTING : PETERS, C. J., WALTON, FOSTER, HASKELL, WHITE-HOUSE, WISWELL, JJ.

WALTON, J. This is an action by the town of Friendship against the town of Bremen to recover for supplies furnished an aged female pauper; and, it not being denied that the pauper once had a settlement in Bremen, the only question appears to have been whether she subsequently acquired a settlement in Friendship by having a home therein for five successive years without receiving supplies as a pauper. The jury returned a verdict in favor of Bremen, thus practically affirming that the pauper had acquired such a settlement in Friendship.

The town of Friendship claims to be aggrieved by this verdict, and asks the court to set it aside on the ground that it is against law and against the weight of evidence.

No questions of law are presented. So far as appears, the rulings of the presiding justice, and his instructions to the jury, were satisfactory. The only question presented is one of fact. There was much evidence tending to prove that the pauper had a home in the town of Friendship for five successive years, and there was much evidence tending to prove the contrary.

The jury must have come to the conclusion that the evidence preponderated in favor of such a home ; and it is the unanimous opinion of the court that the parties must abide by the result.

*Motion overruled.*